OPINION OF the
Hon. A. MONTGOMERY.
The plaintiff entered a motion in the court below, against the defendant, who was sheriff of Adams county, for a judgment for failing to return an execution, at the suit of John N. -Helm against Thomas J. Ward, et ah, according to law; aud, on the trial of the motion, proved the issuing of the execution, the delivery to the sheriff, and that it was not returned until after the motion was made, on the third day of the term to which it was returnable; at which time the sheriff returned it nulla bona, and also proved the sickness of his clerk, during the first three days of the term who was employed for the purpose of docketing executions previous to their return. The court below overruled the motion and the plaintiff appealed to this court.
The statute of 1828, page 78, section 6, provides that, if any sheriff, *512 &e. shall fail io return any execution to him directed, on the return day thereof, the plaintiff, in execution, may recover judgment against such sheriff, &c., for the amount of such execution, with 5 per cent, damages, and 8 per cent interest, by motion before the court before which such execution is returnable. It is the duty of the sheriff to return all process on the first day of the term to which such process is returnable.
It being satisfactorily shown that the execution of John N. Helm vs. T. J. Waid, et al. was not returned until subsequent to the return day, there can be no doubt this statute gives a perfect right to a judgment against the sheriff for the amount of the execution with damages and interest, unless some excuse sufficient in law be rendered by the sheriff; but the excuse rendered in this case is wholly insufficient to justify the failure to return, the execution; as the loss of the service of one cleric, by sickness, could easily have been supplied by the employment of another, if the docketing the execution was necessary at that time.
From the return made by the sheriff, the plaintiff was certainly notin-jured or delayed by the neglect to make the return in due time, and the pursuit of him, after such return by motion for judgment, furnished clear demonstration of the severity and injustice of the statute. The sheriff could not legally make a return, until the return day, and that is known to be a day in which the sheriff has a variety of duties to perform, and it is not in the nature of man to be able to perform all, and make return of so great a number of executions as are usually in the hands of the sheriff of A da ms county; “but the law doth give it, and the'court awards it.”— And with the policy or effect of the law, we have nothing to do.
Judgment reversed, and judgment rendered for the plaintiff for the full amount of the execution, and five per cent damages, and eight per cent interest.
Concurred in by judges Smith and Nicholson,